SAMUEL M. JENNINGS *vs.* INHABITANTS OF WAYNE.

*Who is a keeper of animals upon the highway, under R. S., c. 23, § 2.*
*Who is a traveller upon a way.*

The phrase "at large without a keeper," in R. S., c. 23, § 2, means without the charge of any one having the right of control. Such charge does not necessarily imply physical power of control, but includes the human voice, gestures, and similar methods of guiding animals, regard being had to their nature, age and dispositions.

It is sufficient to constitute the owner of animals their keeper in a given case, if it appears from the evidence that he possessed the means upon which a person in the exercise of ordinary care, intelligence and judgment, would rely to control their actions.

Whether or not animals are thus in charge is a question of fact to be determined by the jury, under proper instructions.

The owner of a mare and colt turned them out upon the highway to water, when the colt ran away, and the owner, upon the back of the mare, started in pursuit, and while in such pursuit, the accident, for which suit is brought, occurred; *held*, that the jury were properly instructed that if the plaintiff regained possession of both the animals, so as to be their keeper, before the accident happened, and they escaped without his fault, he would have a right to pursue them upon the highway, though he originally turned them out without a keeper.

In the absence of any special finding showing the ground upon which the jury based their verdict, the court will not set it aside as against the evidence upon one branch of the case, when the evidence is sufficient to warrant it upon another branch.

Jennings v. Wayne.

ON EXCEPTIONS AND MOTION FOR A NEW TRIAL.

CASE for injuries from defective highway. The plaintiff, the owner of a mare and colt, turned them out to water, one Sabbath afternoon, upon the highway in the defendant town. The colt started into a trot and ran away, when the plaintiff caught the mare, took a "turn in the halter around her nose," mounted upon her back, and started in pursuit. While so driving and riding her, the mare broke through a culvert, causing the injuries for which this suit is brought to recover damages.

The defendants requested the presiding justice to give the jury eleven specific instructions, two of which (the ninth and eleventh) they relied upon in argument, and which were as follows: that "if the plaintiff intentionally turned his horses into the road without a keeper, it was an unlawful act; and that if any injury happened to him while going to get them back, he cannot recover, though the road was defective, and the town had notice ;" and, if by turning them out without a keeper, on Sunday, he created the necessity for riding upon that day, he could not recover. "That if the want of a saddle, or bridle, or bits, or the character of the horse, or the manner or speed of driving, contributed in any degree to aggravate the plaintiff's injury, he cannot recover."

The verdict was for the plaintiff, and the defendants excepted to the refusal of the presiding justice to give the foregoing instructions and to other instructions given as stated in the opinion, and also filed a motion for a new trial, on the grounds that the verdict was against the evidence and that the damages were excessive.

*Baker & Baker*, for the defendants.

*E. O. Bean*, for the plaintiff.

DICKERSON, J. This case is presented by the defendants on motion and exceptions. Evidence in regard to the alleged defect, notice and ordinary care was introduced upon both sides. It is the province of the jury to determine the weight of the evidence,

and we find nothing in their verdict so variant from that as to require us to set it aside as against the weight of evidence, upon either of these points. The matters of fact submitted to jurors in this class of cases are so closely interwoven with their common knowledge and experience, that it would be unwise and dangerous to set aside their verdict, as against the weight of evidence, except in cases of flagrant mistake or manifest disregard of the evidence. The instructions to the jury in these respects were appropriate and afford no legal ground of exception.

But the learned counsel for the defendants further contends that the verdict is against the law in respect to contributory negligence. To reach this conclusion the counsel assumes that to constitute the plaintiff the lawful keeper of the animals, he should have led them to water; the plaintiff not having done this, the counsel argues that the animals were at large without a keeper, and that the unlawful act of the plaintiff in thus turning them out, contributed to the accident.

We do not think that this objection is well taken. The law does not require the owner of animals, in all cases, to take the precaution to lead them to water in order to make him their keeper. The phrase "at large without a keeper" must have a reasonable interpretation applicable to the subject matter. "A keeper," says Worcester, "is one who has something in charge." To be "without a keeper" in the purview of the statute is to be without the charge of any one having the right of control, or "not under the care of a keeper," as the statute of Massachusetts expresses it. Such charge or care does not, in all cases, imply direct physical power to control the actions of the animals; in some cases moral means would be sufficient for this purpose, such as the proximity of the owner to the animals, the human voice, gestures, and like means. Whether in a given case, physical or moral power over the animals is necessary depends upon their nature, age, character, habits, discipline, and business or use at the time, and whatever other circumstances have a bearing upon the subject. What would constitute a person a keeper of one ani-

mal would not made him keeper of another under different circumstances. It is sufficient to constitute the owner of animals their keeper, in a given case, if it appears that he possessed the means upon which a person in the exercise of ordinary care, judgment and intelligence upon these matters, would rely to control their actions. Whether or not animals are thus in charge, is a question of fact to be determined by the jury under proper directions. We think that this question was so left to the jury, and see no occasion for setting aside their verdict as against law or evidence upon the ground alleged. *Bruce* v. *White,* 4 Gray, 347.

Objection is also taken to the instruction that if the plaintiff regained possession of both the animals, so as to be their keeper before the accident happened, or he made the ride which resulted in the accident, and they escaped without his fault, he would have a right to pursue them upon the highway, though he originally turned them out upon the highway without a keeper. The plain import of this instruction is, that the lawful owner and keeper of domestic animals, which escape from him without any fault on his part, has a right to use the highway in pursuing them. We see no legal objection to this instruction. The law regards the status of the plaintiff in respect to the animals, at the moment of their escape, and not what it had been at another time. If he was their keeper then, he enjoyed all the rights that attach to that relation irrespective of his antecedent acts. If the defendants could go behind that status, in order to divest the plaintiff of his rights under it once, they might an indefinite number of times, and thus there would be no end to the investigation, and no security for the plaintiff's rights.

The counsel for the defendants insists in his argument upon this branch of the case, that if this instruction is correct, the verdict is against the evidence, for the reason, as he claims, that the evidence shows that only one of the animals became subject to the plaintiff, as keeper, while the instruction required that the plaintiff should have become the keeper of both of them. But, *non constat* that

the jury predicated their verdict upon this instruction. There is no special finding to that effect, and we have seen that they were authorized to find for the plaintiff upon another ground. Under such circumstances the court will not set aside the verdict as against the weight of the evidence. Nor is it necessary to inquire into the state of the evidence upon this subject.

The defendants' counsel admits in his argument that all his requested instructions were substantially given except the ninth and eleventh, and we think that the jury were properly and sufficiently instructed upon the topics embraced in those requests.

The motion to set aside the verdict for excessive damages does not seem to be very much relied upon in the argument, and is not sustained by the considerations that require us to grant it.

*Motion and exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH and VIRGIN, JJ., concurred.